# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**KELSEY LATRELL MURPHY**                                                **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 2:08cv274-KS-MTP**

**MICHAEL J. ASTRUE,**
**COMMISSIONER of SOCIAL**
**SECURITY ADMINISTRATION**                                  **DEFENDANT**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND AFFIRMING THE COMMISSIONER'S DECISION

This cause is before the Court on request for judicial review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff Kelsey Latrell Murphy's claim for disability benefits [Doc. #9]; Report and Recommendation filed by Magistrate Judge Michael T. Parker [Doc. #17]; Objection thereto filed by Plaintiff Murphy [Doc. # 19]; and the Court does hereby find as follows:

## I. PROCEDURAL HISTORY

Plaintiff Kelsey Latrell Murphy brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of a final decision of the Commissioner denying his claim for disability benefits. The matter is now before the court on Plaintiff's Motion [12] for Judgment on the Pleadings and Defendant's Motion [14] to Affirm the Decision of the Commissioner. After considering the pleadings, transcript of the record, and applicable law, Magistrate Judge Parker recommends that the Commissioner's decision be affirmed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Murphy raises four grounds for objecting to the Report and Recommendation. First, Murphy contends that Magistrate Judge Parker incorrectly concluded that the Administrative Law Judge ("ALJ") had complied with the first mandate of the Appeals Council Remand Order. In the absence of an Appeals Council mandate, an ALJ is only required to re-contact a treating physician where the existing record is inadequate to support a conclusion regarding disability. *See Ripley v. Chater*, 67 F.3d 552, 557-58 & n.29 (5th Cir. 1995); *Cornett v. Astrue*, 261 Fed. Appx. 644, 648-49 (5th Cir. Jan. 3, 2008); 20 C.F.R. §§ 404.1512(e). Furthermore, an ALJ is only required to re-contact a treating physician after the plaintiff has proven that "recontacting [the treating

physician] would have overcome the substantial medical evidence in the record and altered the ALJ's decision" and not recontacting would, therefore, prejudice the Plaintiff. *Ripley*, 67 F.3d at 557; *Cornett*, 261 Fed. Appx. at 649.  Having reviewed the record, this Court concurs with Magistrate Judge Parker's conclusion; the Appeals Council Remand Order did not require the ALJ to contact Dr. McHugh prior to the second hearing. (Tr. 447-449).  The record shows that the ALJ based his decisions as to the credibility of each physician's diagnosis on the medical opinions of numerous physicians and their respective treatment records for the Plaintiff. Therefore, Magistrate Judge Parker correctly concluded that the Plaintiff has failed to establish that the ALJ would have decided this claim differently had he recontacted Dr. McHugh.

Second, Murphy contends that Magistrate Judge Parker should have concluded that the ALJ violated the second Appeals Council mandate and incorrectly assessed Murphy's residual functional capacity ('RFC") since the ALJ did not base his opinion on the opinion of Dr. Spears, the examining psychologist the Plaintiff chose to consult.  The Report and Recommendation contains an extensive factual history documenting the Plaintiff's treatment by numerous physicians in several fields of medicine.  Furthermore, since a claimant's preferred examining physician is given no special consideration, the ALJ is only required to consider Dr. Spears's opinion in light of the other medical opinions provided.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Moreover, the Report and Recommendation correctly points out that the evidence provides strong support for the ALJ's decision to assign little weight to Dr. Spear's opinion.  Also in his second objection, Murphy contends that the ALJ did not comply with 20 C.F.R. § 404.1520(a) since the information that the ALJ "translated" into the RFC assessment pertained to the Plaintiff's mental "restrictions".  The ALJ's RFC assessment under number five of the second

decision contains extensive information regarding the Plaintiff's physical and mental restrictions and the effects of these restrictions on the Plaintiff's ability to perform light work. The record provides substantial evidence in support of Magistrate Judge Parker's conclusion that the ALJ properly applied the RFC assessment.

Third, Murphy contends that the ALJ failed to follow 20 C.F.R. 404.1529(c)(i-vii) in assessing the severity of the Plaintiff's impairments. Social Security Ruling 96-7p, the basis of the Plaintiff's third objection, requires that the ALJ consider the seven factors provided in 20 C.F.R. 404.1529(c)(i-vii) in addition to the objective medical evidence when assessing the severity of a claimant's condition. However, SSR 96-7p does not require an explicit, step-by-step application of the seven factors in order to satisfy the requirements of 20 C.F.R. 404.1529(c)(i-vii). The information that would be required in considering the sever factors is present throughout the ALJ's analysis under part four of the ALJ's second ruling. (Tr. 22-34). The Report and Recommendation thoroughly discusses the Plaintiff's extensive medical history leading to the present claim, and the ALJ was well supported by this extensive record, in its entirety, in deciding that the Plaintiff's conditions did not constitute a disabling condition under SSR 96-7p. Therefore, Magistrate Judge Parker correctly concluded that the ALJ's decision did not contain an error of law in this regard.

Finally, Murphy contends that the ALJ failed to follow the fourth Appeals Council mandate by not reconciling discrepancies between the testimony of the vocational expert and the information contained in the Dictionary of Occupational Title and its companion publication, the Selected Characteristics of Occupations, before relying on the vocational expert's testimony. However, the Plaintiff has failed to show that any such discrepancies exist in the present matter.

4

The language that the Plaintiff relies upon in making this assertion, "Frequent Reaching (Including Overhead)", is not contained in either of these publications, but rather was taken from Social Security Administration Form 4734. This form is not within the scope of the fourth mandate. Therefore, Magistrate Judge Parker was correct in finding that the ALJ's Step Five analysis was proper.
.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Murphy's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and the Commissioner's decision is **affirmed**.

SO ORDERED AND ADJUDGED on this, the 23rd day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE